Edith Marie McCAIN, Appellant,

v.

Neva YOST, Temporary Administratrix of the Estate of Lillard Russell McCain, Deceased, Appellee.

No. 15605.

Court of Civil Appeals of Texas.

Fort Worth.

March 18, 1955.

Rehearing Denied April 22, 1955.

Simon & Simon, Carl Abramson and Richard U. Simon, Fort Worth, for appellant.

Cecil Murphy, Gainesville, for appellee.

BOYD, Justice.

Appellee Neva Yost, temporary administratrix of the estate of Lillard Russell McCain, deceased, filed this suit to recover the proceeds of a life insurance policy issued to deceased by United Benefit Life Insurance Company. Appellant Edith Marie McCain was named as beneficiary in the policy and was made a party defendant. The Company paid the proceeds into court and was discharged. Judgment was rendered for the administratrix.

The policy was issued in 1946, while deceased and Edith Marie McCain were husband and wife. They were divorced on April 20, 1953, and deceased died on March 7, 1954. After the divorce, deceased did nothing to affect the beneficiary designation.

Appellant concedes that had deceased died between the time of the divorce and the effective date of Chapter 113, Acts of the 53rd Legislature, Regular Session, 1953, which is now Article 3.49–1 of the Insurance Code, V.A.T.S., she could not have recovered, since at that time she had no insurable interest in the life of her former husband. She contends, however, that deceased's death having occurred after the effective date of the Act, she then had an insurable interest in his life by virtue of its terms. The Act became effective on August 25, 1953.

Section 1 of Article 3.49–1 of the Insurance Code provides that any person of legal age may apply for insurance on his life and in such application designate in writing any person as the beneficiary, and with respect to any such policy any such beneficiary shall at all times thereafter have an insurable interest in the life of such person.

Section 2 provides that any person of lawful age whose life is insured under any

existing or future policy of insurance may, in the manner and to the extent permitted by the policy, designate in writing as the beneficiary thereof any person, and with respect to any such policy any such beneficiary shall at all times thereafter have an insurable interest in the life of such person.

Section 4 makes the Act cumulative of existing law, statutory and otherwise, on the question of insurable interest, and declares that it shall be liberally construed to effectuate its purposes and that its provisions are not to be limited or restricted by previous declarations or holdings of the courts defining insurable interest.

The emergency clause is as follows: "The fact that the holdings of the Courts of Texas are contrary to the weight of authority in Courts of other jurisdictions on the question of insurable interest; the further fact that life insurance is affected with a public interest; and the further fact that it is in the interest of the insuring public that there be no doubt or uncertainty of the existence of an insurable interest under the circumstances and conditions provided in Sections 1 and 2 of this Act, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three successive days before final passage should be suspended; and the same is hereby suspended, and this Act shall take effect from and after its passage, and it is so enacted." Section 6. There are exceptions, not relevant here, to the applicability of the Act.

■ The Legislature is ordinarily presumed to intend that an enactment shall operate prospectively and not retroactively. Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249. We find nothing to indicate that the Act in question was intended to have a retroactive effect. Section 1 provides that a person "may apply for insurance on his life * * * and in such application designate in writing any person" as beneficiary, who shall at all times thereafter have an insurable interest in the life of such person. It says nothing about giving any beneficiary in any existing policy

an insurable interest in the life of the insured. It contemplates that the applicant may do something in the future to endow a beneficiary with an insurable interest. Section 2 provides that a person whose life is insured under any existing or future policy "may, in the manner and to the extent permitted by the policy, designate in writing as the beneficiary" any person, and endow that person with an insurable interest in his life.

■ With the divorce, appellant's insurable interest in the life of deceased, and her contingent interest in the policy, terminated. She ceased to be the beneficiary. Whiteselle v. Northwestern Mut. Life Ins. Co., Tex.Com.App., 221 S.W. 575; Price v. Supreme Lodge, Knights of Honor, 68 Tex. 361, 4 S.W. 633. "The want of insurable interest is just as absolute where it has ceased as where it never existed, * * *." Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, 276.

Unless it be by virtue of the Article under consideration, appellant, after the divorce, was no more entitled to the proceeds of the policy than she would have been had she never been designated as beneficiary. Appellant's contention, if we understand it, is that the Article operates to reinstate appellant as beneficiary when the insured had done nothing to effect that result. If that be its proper construction, we do not understand why it was thought necessary to provide that one, who under the law at the time had no insurable interest, could be invested with that interest if the insured, "in the manner and to the extent permitted by the policy" designate in writing such person as beneficiary. If the intention was to accomplish the purpose desired by appellant, it would not have been necessary to provide in what manner the insured could invest or reinvest a person with an insurable interest in his life. The Legislature could have simply stated that any person heretofore or hereafter designated as a beneficiary in a life insurance policy shall have an insurable interest in the life of the insured.

We do not understand that the fact that appellant at one time had an insurable inter-

est in the life of deceased; which had ceased, puts her in a different position than that of one who never before had such interest. As one who had theretofore been a stranger to the policy might, at the wish of the insured, be invested with an insurable interest in his life by a designation in writing after the effective date of the statute, so might one be reinvested with such an interest who once had it, and lost it. Appellant is assuredly in no worse position than is a stranger to the original policy; but we cannot see that her position is any better. The Act makes no distinction between those who once were beneficiaries and those who have never been. And the Legislature did not, by a designation, endow any person with an insurable interest; it merely allowed the insured to do so by a designation in writing. If appellant had been deceased's creditor rather than his wife, and her insurable interest had ceased before the effective date of the Act because the debt was paid, we do not think it could be said that the Act, without affirmative steps taken by the insured, would be construed to re-endow her with an insurable interest. If it does not do so in one situation, we do not think it does in the other.

The judgment is affirmed.

### On Motion for Rehearing

In her motion for rehearing, appellant calls our attention to the fact that she did not concede, as we said in the original opinion, "that had deceased died between the time of the divorce and the effective date of Chapter 113, * * * she could not have recovered, since at that time she had no insurable interest in the life of her former husband," but that "She did concede that had the death occurred prior to the passage of the 1953 Act, she would not have been entitled to recovery under the then prevailing rule of *stare decisis*." We are glad to make the correction.

We have carefully considered all other points raised in the able motion for rehearing, but feel that we must adhere to our original disposition of the case; and with the correction above noted, the motion for rehearing is overruled. Since what we have said here does not affect the conclusion reached in the original opinion, it cannot form a basis for a second motion for rehearing.