EDITH MARIE McCAIN v. NEVA YOST, TEMPORARY ADMINISTRATRIX OF THE ESTATE OF LILLIARD RUSSELL McCAIN, DECEASED

No. A-5311. Decided December 14, 1955.
(284 S.W. 2d Series 898)

*Simon & Simon* and *Richard U. Simon,* of Fort Worth, for petitioner.

The Court of Civil Appeals erred in holding that the petitioner herein had no insurable interest in the life of her divorced husband, now deceased, since the amendment to the insurance code changed the policy of the State and permitted the designated beneficiary at the time of the death of the insured to have such an interest. Volunteer State Life v. Hardin, 197 S.W. 2d 106; Blackman v. Praetorians, 256 S.W. 2d 990; Metropolitan Life v. Baker, 107 Fed. Supl. 1.

*Cecil Murphy,* of Gainesville, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit filed by respondent in her capacity as Temporary Administratrix of the Estate of Lilliard Russell McCain, deceased, against petitioner and others not necessary to mention, evolved into a contest as to whether the respondent-plaintiff or the petitioner-defendant was entitled to the $1,000.00 proceeds of a life insurance policy on the life of Lilliard Russell

McCain, deceased. The issue was submitted to the court without the intervention of a jury and that court rendered judgment for respondent. The Court of Civil Appeals for the Second Supreme Judicial District of Texas has affirmed. 278 S.W. 2d 398.

There is no dispute between the parties as to the following relevant facts:

Petitioner and the deceased were married on March 15, 1940, and continued the relationship of husband and wife until they were legally divorced by formal judgment of the District Court of Tarrant County, Texas, duly entered in cause styled and numbered 33260-D, Edith Stocton McCain v. Lilliard R. McCain, on April 20, 1953. In 1946 McCain took out the policy of life insurance on his life and designated petitioner, his wife at that time, as beneficiary. On March 7, 1954, McCain died without having changed his beneficiary.

Respondent, as executrix of McCain's estate, claims the death benefits of the policy on the theory that petitioner had no insurable interest on his life after the divorce and that the question of insurable interest is governed by the rules of public policy which had been established by the decisions of the courts of this state at the time the divorce decree became effective. Respondent also bases her claim to the death benefits of the policy on the ground that the Legislative Act of 1953, designated as Article 3.49-1, Texas Insurance Code, Vernon's Annotated Civil Statutes, and being the article of the statute upon which petitioner relies to support her claim to the death benefits of the policy, can have no application in this case for the reason that the decree of divorce terminated and nullified the prior designation of petitioner as the beneficiary prior to the enactment of Article 3.49-1, and that it was the intention of the Legislature by the enactment of the Act, and especially Section 2 thereof, that it should operate prospectively rather than retroactively, and that since the insured failed to designate petitioner as the benefiiciary in his life insurance policy after August 26, 1953, the effective date of the Act, the trial court and the Court of Civil Appeals properly denied petitioner the right of recovery.

Petitioner claims the proceeds of the policy primarily on the theory that she was and is the contractual beneficiary designated in the policy, and that since the deceased failed to exercise his right to change the beneficiary, she had an insurable interest and became entitled to the proceeds of the policy in view of the

express provisions of the declaration of public policy by the Texas Legislature as contained in the Act above mentioned regardless of whether the designation was made before or after the effective date of the Act.

Petitioner further contends that in the event this court should hold that the public policy denying recovery on a life insurance policy for want of an insurable interest as announced in the case of Whitselle v. Northwestern Mutual Life Ins. Co., Texas Comm. App., 221 S.W. 575; Price v. Supreme Lodge Knights of Honor, 68 Texas 361, 4 S.W. 633; Cheeves v. Anders, 87 Texas, 287, 28 S.W. 274, and other Texas cases of similar holding, was not changed by Article 3.49-1, supra, (denominated as a new insurable interest statute by petitioner), then this Court should overrule such cases. It is the petitioner's contention that this jurisdiction by holding it to be contrary to public policy to permit a beneficiary, who had no insurable interest, to recover on an insurance policy, finds itself standing alone and its decisions on the question unsupported by the decided cases on the subject in every other jurisdiction in the United States as well as England. The conclusion we have reached renders it unnecessary for us to pass upon this question; however, we agree that petitioner is correct in its assertion that the rule announced in the cases, supra, is contrary to the overwhelming weight of authority in other jurisdictions. See Texas Law Review, Vol. 21, p. 92. We refer to this contention of petitioner to point up the fact that prior to 1953, the Texas Legislature had not exercised its power to declare the general policy of the state with reference to what, if any, rules and requirements for insurable interest should be applied to beneficiaries designated in Texas policies of life insurance, and that the 1953 Act, Article 3.49-1, supra, applies to the facts in this case and renders it conclusive that petitioner had an insurable interest and is entitled to recover judgment for the proceeds of the policy. The fact that the insured designated petitioner as beneficiary before the effective date of the statute, and the fact that he continued such designation after the effective date of the statute and until his death without at any time legally changing the beneficiary brings the case within the public policy declared by the legislative Act which became effective August 26, 1953.

Unquestionably the Legislature has the power to declare what shall be the policy of the state with reference to insurance matters which includes the question of insurable interest. Castillo v. Canales, 141 Texas 479, 174 S.W. 2d 251. Respondent contends that to uphold the contention of petitioner would be

in absolute disregard of Article 1, Section 16 of our State Constitution, which provides that no retroactive law shall be enacted. With this contention we cannot agree.

A statute cannot be said to be a retroactive law prohibited by the Constitution unless it can be shown that the application of the law would take away or impair vested rights acquired under existing law. In the case of Mellinger v. City of Houston, 68 Texas 37, 3 S.W. 249, 253, (a case cited by respondent), this Court said:

"* * * Facts may exist out of which, in the course of time or under given circumstances, a right would become fixed or vested by operation of existing law, but until the state of facts which the law declares shall give a right comes into existence there cannot be in law a right; and for this reason it has been constantly held that, until the right becomes fixed or vested, it is lawful for the law-making power to declare that the given state of facts shall not fix it, and such laws have been constantly held not to be retroactive in the sense in which that term is used. * * *"

It is obvious that when Article 3.49-1 was enacted and when it became effective on August 26, 1953, neither of the parties had a vested or fixed right to the proceeds of the policy involved.

Since the Act became effective prior to the death of the insured, and since he did not exercise his right to change the beneficiary, and since Article 3.49-1 expressly requires that a liberal construction of the Act be given in order to effectuate the purposes of the statute, and since the Act provides that such construction of its provisions shall not be limited or restricted by previous declarations or holdings of the courts of Texas defining the term insurable interest, we hold that the insurable interest rule announced in Article 3.49-1 should apply and so holding, it naturally follows that petitioner had an insurable interest and was entitled under the law to have the proceeds of the policy paid to her.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is rendered for the petitioner for the sum of $925.00, being the full amount of the proceeds of the policy less the sum of $75.00 allowed by the trial court to the interpleader, United Benefit Life Insurance Company. The judgment for that amount was unquestioned in the Court of Civil Appeals. All costs are adjudged against the respondent.

Opinion delivered December 14, 1955.