

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 18, 1961

Mrs. Marie Hudson
Firemen's Pension Commissioner
Austin, Texas                    Opinion No. WW-1168

                                 Re:  Questions relative to
                                      the construction of Sec-
                                      tion 6a of Article
                                      6243e Vernon's Civil
Dear Mrs. Hudson:                     Statutes.

        Your request for an opinion presents the
following questions:

        1.)  Whether the additional pension
        benefits provided for in Section 6a
        of Article 6243e automatically became
        applicable on the date that Section
        6a became law, or do the provisions
        of Section 6a become applicable only
        when a qualified fire department votes
        to include the additional benefits in
        pension payments.

        2.)  Whether Section 6a of Article
        6243e is retroactive in its applica-
        tion and effect.

        Article 6243e of Vernon's Civil Statutes is
known as the Firemen's Relief and Retirement Fund Act.
Section 6a of the Act was added by amendment in 1957.
This section reads in part as follows:

        "Sec. 6A.  Any fireman who is
        a member of a 'full paid' fire
        department and who shall be entitled
        to be retired under the provisions
        of Section 6 of this Act, and who
        shall retire under Section 6 or Sec-
        tion 7 or Section 7A with additional
        time of service and of participation
        in a Fund after the date upon which
        he became entitled to be retired or
        with more than twenty-five (25) years

of service and of participation in a
Fund, shall be entitled to be paid
from the Firemen's Relief and Retire-
ment Fund of the city or town in which
he last served, in addition to any
other benefits provided by this Act,
an additional monthly pension allowance
which shall be computed as follows:
. . .

"If any person shall die from any
cause whatsoever and if, at the time of
death, such person shall have retired
with or shall have been entitled to
retire with an additional monthly pen-
sion allowance as hereinabove provided
by this section, and if such deceased
shall leave surviving him a widow who
married the deceased prior to his
retirement, . . .

"Provided, however, that the pro-
visions of this section shall not be
applicable to any particular relief
and retirement fund until after an
election has been held and the majority
of the participating members of that
respective fund have voted to include
the provisions contained in this sec-
tion within that Relief and Retirement
Fund."

The 1957 amendments to Article 6243e were
enacted as H.B. 68, 55th Texas Legislature, Regular
Session, 1957. That portion of the caption to H.B. 68
most pertinent to our discussion is as follows: ". . .
and by adding thereto a new section numbered Section 6A,
providing an additional monthly pension allowance for
members of 'full paid' fire departments who have additional
service after being entitled to retire or after twenty-five
(25) years of service; or for widows of such firemen, and
providing that the provisions of such Section shall
become applicable to a Fund only upon the vote of the
members of such Fund; . . ." (Emphasis added) The
plain and unambigious language employed by the Legis-
lature in both the caption and the text of the section
expresses the legislative intent that the provisions are
to become applicable to a particular Relief and Retire-
ment Fund only upon the election by the majority of the

participating members of such fund to include the provisions of the section within their respective Relief and Retirement Funds. "Where a statute is plain and unambigious, it will be enforced according to its words." Anderson v. Penix, 138 Tex. 596, 161 S.W.2d 455 (1942). Also, the case of Harris County v. Smith, 187 S.W. 701 (Civ.App. 1916), held that the intent of the Legislature as to a law is to be determined primarily from the plain and ordinary import of the language employed.

Therefore, it is our opinion that no rights to the additional benefits specified in Section 6a vest in the participating members or their survivors until the election requirement set out within the section is satisfied.

However, the question remains whether these additional benefits are available to retired firemen, meaning those persons no longer on active service with the department, subsequent to such an election in view of the fact that these persons were not active and were receiving pension payments at the date of the election. It is our opinion that those persons who have "retired" and who have received retirement benefits prior to the election discussed above have no right to participate in or otherwise receive benefits under Section 6a of Article 6243e, Vernon's Civil Statutes.

It must be noted that one of the primary requisites for any fireman to be entitled to any benefits under Section 6a is that he is to be a member of a "full paid" fire department. It is evident that a person who has retired from active duty and who is receiving a retirement pension does not have the required employment status. Also, there is no language in the section which indicates that upon election the benefit provisions of Section 6a are to become retroactive in their effect and application. On the contrary, if there is any doubt as to the intent of the Legislature in this respect, such doubt must be resolved against the precept that the benefit provisions of the Section are retroactive in their application and effect. The case of McCain v. Yost, 278 S.W.2d 398 (Civ.App. 1955), held that the Legislature is ordinarily presumed to intend that an enactment shall operate prospectively and not retrospectively. In addition the Supreme Court case of State v. Humble Oil and Refining Company, 141 Tex. 40, 169 S.W.2d 707 (1943) held that a

statute will not be applied retrospectively, even where there is no constitutional impedement against such application, unless it appears by the fair implication derived from the language used therein that it was the intention of the Legislature to make the statute applicable to both the past and present. Thus, the rule of construction appears to be that . . . a statute is generally held to operate prospectively unless a contrary construction is required by the terms. 39 Tex.Jur. 55, Statutes, Sec. 27.

When H.B. 62, 57th Leg., R.S., 1961, becomes effective in November, 1961, as Section 25a of Article 6243e, Vernon's Civil Statutes, the issue as to the retrospective effect of Section 6a should be permanently resolved.

That portion of the Bill which will constitute Section 25A provides as follows:

> "Sec. 25A.  After a fireman who is a member of a 'full paid' fire department at the termination of his active service shall terminate his active service, the amounts of all allowances and benefits which such fireman or his beneficiaries may thereafter become entitled to receive from a Firemen's Relief and Retirement Fund shall be computed on the basis of the schedule of allowances and benefits in effect for such Firemen's Relief and Retirement Fund at the time of the termination of such fireman's active service."   (Emphasis added)

The fact that the 57th Legislature passed H.B. 62 clearly indicates that the Legislature was cognizant of the fact that it was perhaps possible to construe the present pension benefit provisions of the Firemen's Relief and Retirement Fund Act as being retroactive in their application and effect.  It is our opinion that H.B. 62 clarifies the law on this point.

### S U M M A R Y

The provisions of Section 6a of Article 6243e, Vernon's Civil

Statutes, are not applicable to
any particular Firemen's Relief
and Retirement Fund of any city or
town until after an election has
been held and the majority of the
participating members of the
respective funds have elected to
include the provisions in this
Section within their respective
Relief and Retirement Funds.
The provisions of Section 6a are not
retroactive in their application and
effect.  This is to say that in
order for a person or his survivors
to be entitled to the benefits under
Section 6a, the election to include
the provisions of the Section must
occur prior to the time such person
terminates his active service as a
fireman with a "full paid" fire
department.

                    Yours very truly,

                    WILL WILSON
                    Attorney General of Texas

IRW:lgh                By _____
                          Raymond Williams, Jr.
                          Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. Arthur Sandlin
John Reeves
Bob Eric Shannon

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.