

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 24, 1962

Honorable Robert S. Calvert            Opinion No. WW-1444
Comptroller of Public Accounts
Capitol Station                        Re: Construction of Art.
Austin, Texas                              2307 Title 122A,
                                           V.C.S.

Dear Mr. Calvert:

Your letter requesting our opinion relative to the captioned matter reads as follows:

"In 1961 the 1st called session of the 57th Legislature amended Chapter 23, Title 122A, Taxation General, Revised Civil Statutes, 1925, by adding a new article 23.07 which reads as follows:

'If any person shall fail to file a report as required herein or shall fail to pay to the Comptroller the tax as imposed herein when said report or payment is due, he shall forfeit five per cent (5%) of the amount due as a penalty, and after the first thirty (30) days he shall forfeit an additional five per cent (5%) of such tax. Provided, however, that the penalty shall never be less than One Dollar ($1). Deliquent taxes shall draw interest at the rate of six per cent (6%) per annum beginning sixty (60) days from the date due.'

The bill containing this provision by its own terms, became effective September 1, 1961. No interest or penalty was levied upon delinquencies until the amendment in 1961.

Skyway Motel of Harlingen, Texas, has failed to remit the Hotel Tax and is delinquent in the following respect:

| Period Ending | Amount |
|---|---|
| March 30, 1961 | $322.61 |
| June 3, 1961 | 157.24 |
| September 30, 1961 | 198.70 |
| December 31, 1961 | 138.80 |
| March 30, 1962 | 89.16 |

In light of the above amendment, we request your opinion as to whether the penalty and interest should be applied to all of the periods set out above, or only for certain ones."

Article 23.07 amends the hotel occupancy tax. Prior to this amendment such delinquent taxes did not draw interest and were not subject to penalties. This amendment became effective September 1, 1961. The only questions involved are whether this amendment is applicable to taxes which became delinquent prior to September 1, 1961, and if so, the time the penalties accrue and the interest begins to run.

Article 1, Section 16 of the Texas Constitution provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligations of contracts, shall be made."

Although the Constitution in terms prohibits retroactive legislation, only such retroactive legislation that destroys or impairs vested rights is proscribed. The Legislature has the same power to act restrospecively as it does prospectively as long as vested rights are not destroyed or impaired. (Grigsby v. Peck, 57 Tex. 142 (1882); League v. State, 93 Tex 558, 57 S. W. 34 (1900); Blomstrom v. Wells, 239 S.W. 227 (Civ App. 1922, error dism.); McCain v. Yost, 155 Tex. 174, 284 S.W. 2d 898 (1955); McGinley v. McGinley, 295 S.W. 2d 913 (Civ. App. 156); Kissick v. Garland Independent School Dist., 330 S.W. 2d 708 (Civ. App. 1959, error ref. n.r.e.).

We can conceive of no vested right that a taxpayer possesses to continue to refuse or neglect to pay his delinquent taxes without being penalized for such failure or neglect. We are therefore of the opinion that Article 23.07 does not violate Section 16 of Article 1 of the Constitution if applied to taxes which became delinquent prior to September 1, 1961.

It is evident that Article 23.07 was enacted as an aid in the collection of the hotel occupancy tax and therefore should be construed to cover past delinquencies as well as taxes becoming due after the effective date thereof. The only question remaining is whether the penalties attach as of the date the taxes became due and the interest is to be calculated sixty days after such due date, or the penalties accrue on the effective date of the Act and the taxes begin to draw interest 60 days thereafter.

As stated in 12 Tex. Jur. 2d 471, Constitutional Law, Sec. 122, "It is presumed that the Legislature intends a statute to operate prospectively rather than retrospectively, and, unless the enactment is made retroactive in clear terms, this presumption will be given effect.

By virtue of the above presumption, and the fact that the Legislature did not in clear terms make the act retroactive, we are constrained to hold that the first 5 per cent penalty attaches on the effective date of the Act and that the second penalty of five per cent will attach thirty days after the effective date of the Act, and if not paid until 60 days after September 1st, 1961 that such delinquent taxes will then draw interest at the rate of six per cent per annum. Although the taxes were due prior to September 1st, 1961, and the taxes were past due on September 1st, such taxes were also due and payable on September 1st, 1961. It is clear that the Legislature intended to penalize the taxpayer only ten per cent during the first sixty day period.

## S U M M A R Y

Hotel occupancy taxes which accrued under Chapter 23, Title 122A, Taxation-General, Vernon's Civil Statutes, prior to the effective date of Article 23.07 if not paid

before September 1, 1961, are subject to penalties and interest provided in said Article 23.07.

Very truly yours

WILL WILSON
Attorney General of Texas

By: W. V. Geppert
Assistant

APPROVED:

OPINION COMMITTEE

Howard Mays, Chairman

L. P. Lollar

Marietta Payne

Pay Bailey

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore