**Mabel E. BRUNSON, Appellant,**

v.

**Stanton W. BRUNSON, Executor, et al., Appellees.**

No. 7287.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1963.

Rehearing Denied Nov. 25, 1963.

Brock, Wright, Waters & Galey, Lubbock, for appellant.

James F. Moore, and Albert Smith, Lubbock, for appellees.

CHAPMAN, Justice.

The question of whether a husband and wife may enter into a joint tenancy agreement with right of survivorship with respect to community property funds deposited in time deposit accounts in two Lubbock banks where the husband departed this life on May 13, 1961, constitutes the subject matter of this suit.

The joint accounts in question of W. W. Brunson, and his wife, Mabel E. Brunson, are dated respectively on September 19, 1957, and April 7, 1958 signed by both and each contains the following language:

"We, the undersigned joint depositors, hereby agree each with the other and with the First National Bank, Lubbock, Texas, that all monies, now or at any time deposited by us or either of us, with said bank to the credit of this account, are and shall be so deposited by us and received by it upon the following terms and conditions of repayment, namely: that the amount thereof shall be paid by said bank to us, or either of us, or to the survivor of us, or the executors, administrators or assigns of such survivor, or upon the written order of any such person so entitled to payment; and without reference to the original ownership of the monies deposited."

The joint tenancy with right of survivorship agreements with the two banks, signed by W. W. Brunson and Mabel E. Brunson, contained the following language:

"The undersigned agree that all deposits in this account or any part thereof or any interest or dividends thereon may be paid to anyone of the undersigned, whether the other or others be living or not, on the receipt of acquitance of any of the undersigned, intending hereby to create a joint tenancy with the right of survivorship."

There is not any question in the record but that the funds constituting the time deposits were community property and there is not anything in the records showing a partition agreement whereby any property was mutually exchanged between the parties, or a judgment by a proper court authorizing a division of community funds in accordance with Article 4624a, Vernon's Ann.Tex.Civ.St.

The case originated in the form of a suit by Mrs. Mabel E. Brunson for a Declaratory Judgment against Stanton W. Brunson (son of W. W. Brunson, deceased, by another marriage), individually and as Independent Executor of the Estate of W. W. Brunson, Deceased, and others, asking that the court declare that she owned as her separate property the bank accounts above named by virtue of the above described joint tenancies with rights of survivorship. Motions for Summary Judgment were filed by all parties. Appellant, Mabel E. Brunson's motion was overruled and appellee's motion granted awarding Stanton W. Brunson in his capacity as Independent Executor of the Estate of W. W. Brunson, Deceased, one-half of the monies here involved together with one-half of the accrued interest thereon to the date of delivery. It is from such judgment that Mrs. Mabel E. Brunson has perfected her appeal.

Under the authority of Ricks v. Smith, 159 Tex. 280, 318 S.W.2d 439, as the rule then existed by virtue of that opinion, we believe the agreements here involved would have been legal, proper and enforceable. That case had a strong dissent written by Justice Walker and joined in by two other justices. The case was announced on November 5, 1958.

On January 25, 1961, the Supreme Court in Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565, specifically overruled Ricks v. Smith, supra. In doing so they held that corporate stock purchased with community

funds and issued in the names of husband and wife as joint tenants with right of survivorship constituted community property. Justice Norvell, one of the majority in Ricks v. Smith, supra, wrote a strong dissenting opinion in Hilley v. Hilley, supra, in which he was joined by two other justices. Justice Steakley, being a comparatively new member of the court at that time, was not sitting, so the Hilley case had five justices in the majority with three constituting the dissent.

Since the Hilley opinion was announced, the United States Supreme Court has held that United States Government Bonds jointly owned and with right of survivorship pass to the survivor under the supremacy clause of the Federal Constitution [1], which resulted in invalidating any state law which, in effect, prohibited a married couple from taking advantage of the survivorship incidents of United States Savings Bonds merely because they constituted community property. However, the opinion in quoting from and citing the Hilley case held: " 'It is clear that Federal regulations do not override our local laws in matters of purely private ownership where the interests of the United States are not involved.' " The instant case being one involving purely private ownership is not affected by the United States Supreme Court decision in Free v. Bland, supra.

A few months after the announcement of the Hilley case the Legislature of Texas amended Section 46 of the Probate Code, Vernon's Texas Civil Statutes, by adding the following clause:

"It is specifically provided that any husband and his wife may, by written agreement, create a joint estate out of their community property, with rights of survivorship."

This amendment did not go into effect until May 15, 1961, two days after the death of W. W. Brunson, as stated in the first paragraph hereof.

■ Since the property of a person dying testate or intestate vests immediately in the devisees or legatees [2], any change in the rule precluding survivorship in a joint tenancy agreement involving community funds, or property purchased with community funds, as announced in Hilley, was not affected by the 1961 amendment unless it could be said that the statute could be made to operate retroactively. Generally it could not be made to so operate in a case with facts such as ours because to do so it would take away vested rights [3] even if it does change the rule announced in Hilley. The specific question as to whether the statute as amended is constitutional and compatible with the Texas Community property system is not passed on here because it is unnecessary to pass on it directly in this case. That is a question for the courts to pass on when it is raised directly.

■ There is no clear legislative intent shown in the 1961 amendment to Section 46 of the Probate Code to cause it to operate retroactively. To the contrary it specifically states that it would not apply to pending legislation.

But it is urged by appellant that the general rule to the effect that a statute should not be construed to operate retroactively unless the legislative intent is clear that it should do so has no application to curative acts, and appellant contends that the 1961 amendment to Section 46 is a curative act. If it is a curative act it is to "cure" a judicial decree, that announced in Hilley, and we do not believe the rule urged would apply to a situation such as we have here.

1. Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180.

2. Section 37, Texas Probate Code, V.T.C.S.

3. Constitution of Texas, Article 1, Section 16, Vernon's Texas Constitution; McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898.

It is further urged that the failure of the trial court to uphold the joint tenancy with right of survivorship constituted an impairment of appellant's contract. The question has been raised for the first time on appeal. It was not raised in the trial court so far as we can find in either appellant's petition, motion for summary judgment, or other pleadings or affidavits. The trial court having not had an opportunity to pass on the question, we believe it is too late to raise it in this court. It has been textually stated that: "A reviewing court ordinarily will decline to consider questions not raised in the trial court. * * *" 4 T.J.2d Appeal and Error, Section 746, Page 242, and cases there cited.

This case does not come within the holding of Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233, because there are no facts appearing in affidavits or other summary judgment "evidence" upon motion for summary judgment which would justify an amendment to the pleadings so as to show an impairment of contract. A contract is not impaired which is not legally enforceable. The rule in effect at the time the bank accounts came into being that gave rise to this controversy was Reed v. Reed, Tex. Civ.App., 283 S.W.2d 311. Until the holding in that case and Hilley are overruled by the Supreme Court, we are still bound by them. Whatever the Supreme Court may hold in regard to the 1961 amendment to Section 46 of the Probate Code it would not apply to our case because W. W. Brunson died two days before it went into effect.

We realize the Supreme Court has been sharply divided with firm convictions both ways on the principal question involved in this case. As an intermediate court, we feel that we are obligated to follow the majority in their last pronouncement of that court. Accordingly, the judgment of the trial court is affirmed.