

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 9, 1969

Hon. H. D. DeBerry, Jr
Chairman, Board of Trustees
Employees Retirement System of Texas
Capitol Station
Austin, Texas  78711

Opinion No. M-413

Dear Mr. DeBerry:

Re: Constitutionality of S.B.
418, Section 4, Sub-
section E, 61st Legislature

Recently you requested an opinion on the constitutionality of S.B. 418, Section 4, Subsection E, 61st Legislature reading as follows:

"Any person who was an Elective State Of-
ficial and who has served not less than
eight (8) years in the Legislature of
Texas (as such creditable service is
defined in Chapter 524, Acts of the
Regular Session 58th Legislature as
amended) may become a member of the Em-
ployees Retirement System by paying in-
to such system Two Hundred Eighty-eight
Dollars ($288) for each year of service
in the Legislature of Texas.  Provided
further, any such person must make appli-
cation to become a member and pay in
such sums prior to January 1, 1970.
Such application shall be made on forms
provided by the Board, and thereupon,
such person shall be entitled to all the
privileges and benefits of such system."

A consideration of the constitutionality of the above pro-
vision involves two Articles of the Constitution of the State
of Texas.  Article I, Section 16, thereof states:

"No bill of attainder, ex post facto law,
retroactive law, or any law impairing
the obligation of contracts shall be made."

- 2056 -

Article III, Section 44 of the Constitution provides:

"The Legislature shall provide by law
for the compensation of all officers,
servants, agents and public contractors,
not provided for in this Constitution,
but shall not grant extra compensation
to any officer, agent, servant or public
contractors, after such public service
shall have been performed or contract
entered into, for the performance of the
same; nor grant, by appropriation or other-
wise, any amount of money out of the
Treasury of the State, to any individual,
on a claim, real or pretended, when the
same shall not have been provided for by
pre-existing law; nor employ any one in the
name of the State, unless authorized by
pre-existing law."

We also observe that Article III, Section 53, Constitution
of Texas provides, in part, that "The Legislature shall have no
power to grant. . . any extra compensation, fee or allowance
to a public officer . . . after service has been rendered, or
a contract has been entered into, and performed in whole or
part. . ." This section was included primarily to prohibit
counties or municipalities from doing that which the State
is forbidden to do by Article III, Section 44 above quoted.

You have also asked whether the Legislature can enact
S. B. 418, Section 4, Sub-section E, 61st Legislature, it
having previously passed into law House Bill 902, Acts 58th
Legislature R.S. 1963, Chapter 524, p. 1372 (Article 6228a,
Sec. 3B3, V.C.S.), a portion thereof reading as follows:

"Any person who on January 1, 1963, is an
elective State official as defined herein,
shall, before October 1, 1964, execute an
election to become a member of the Retire-
ment System as of January 1, 1963, or
election not to become a member of the Re-
tirement System. This election to become
a member or not to become a member shall
be filed with the State Board of Trustees
on a form provided by the Board. The

election not to become a member will include
a duly executed waiver of all present and
prospective benefits which would otherwise
inure to him on account of his participation
in the System.  Contributions shall be due
and payable for the month of January 1963,
and each month thereafter, and membership
service shall begin as of January 1, 1963.

"Any person who becomes an elective State
Official by reason of election or appoint-
ment after January 1, 1963, shall within
six (6) months from the month in which he
takes the oath of office or October 1, 1964,
whichever date is later, execute an election
to become a member of the Retirement System
or not to become a member of the Retirement
System.  This election to become a member or
not to become a member shall be filed with
the State Board of Trustees on a form pro-
vided by the Board.  The election not to
become a member will include a duly executed
waiver of all present and prospective benefits
which would otherwise inure to him on account
of his participation in the System.  Contri-
butions shall be due and payable for the
month in which he takes the oath of office,
and each month thereafter, and membership
service shall begin with the first day of
the month in which he takes the oath of office."

The only portion of Section 16 of Article I of the Consti-
tution that could be applicable to Senate Bill 418, is that
portion thereof prohibiting the enactment of retroactive laws.
Concerning this prohibition, however, it has long been estab-
lished that not all retroactive legislation is prohibited.
It is only that retroactive legislation that impairs, destroys
or in any manner divests or adversely affects vested rights
that is prohibited.  Mellinger v. City of Houston, 68 Tex. 37,
3 S.W. 249 (1887); McCain v. Yost, 155 Tex. 174, 284 S.W.2d
898 (1955).  The Legislature has the power to act both retro-
spectively and prospectively.  Article I, Section 16 of the
Constitution only prohibits the Legislature from passing
retroactive legislation that will impair or destroy vested
rights.

Senate Bill 418 grants to certain individuals the opportunity to become members of the Employees Retirement System. Because a right is created by Senate Bill 418, as opposed to destroying a vested right, such legislation does not violate Article I, Section 16 of the Constitution of the State of Texas.

By its terms S.B. 418, Section 4, Sub-section E, 61st Legislature permits any person who was an Elective State Official and who has served not less than eight years in the Legislature of Texas to become a member of the Employees Retirement System upon certain conditions. This legislation affects not only persons presently serving the State in one capacity or another but it also includes persons who were Elective State Officials. There is no requirement in the statute that in order to become a member of the Retirement System a person must be presently serving the State.

There are numerous cases that characterize pensions as compensation. Byrd v. City of Dallas et al, 118 Tex. 28, 6 S.W.2d 738 (1928); City of Orange v. Chance, 325 S.W.2d 938 (Tex.Civ.App. 1959, no writ); Austin Fire and Police Departments v. City of Austin, 224 S.W.2d 337 (Tex.Civ. App. 1949); reversed in part and affirmed in part, 149 Tex. 101, 228 S.W.2d 845. Article III, Sec. 44 of the Constitution expressly prohibits extra compensation to be paid to any officer, agent, servant or public contractor after their public service has been performed. Inasmuch as S.B. 418, Section 4, Sub-section E, 61st Legislature would permit persons who are not serving the State in one capacity or another to become a member of the Retirement System, and thus draw extra compensation, such legislation as applied to persons not serving the State is in violation of Article III, Section 44 of the Constitution of Texas. This does not mean, however, that an individual who has, prior to the effective date of Article 6228a, Sec. 3B3, served the State (such as in S.B. 418 providing not less than eight years in the Legislature) may not be granted such prior service when he becomes an officer or employee of the State and a member of the Employees Retirement System.

Although Article 16, Section 62 of the Constitution provides that the Legislature shall have the authority to make

such reasonable inclusions in the State Retirement System as it deems advisable the power of the Legislature to make inclusions is limited by the following portion of such constitutional Article, to wit;

> ". . . and may make such reasonable inclusions, exclusions or classifications of <u>officers and employees of this State</u> as <u>it deems advisable.</u>"

The power of the Legislature to make inclusions in the Retirement System is limited by the phrase "officers and employees of this State." Before a person can be included in the Retirement System he must be either an employee or officer of the State. Insofar as S.B. 418, Section 4, Sub-section E, 61st Legislature, attempts to make non-officers or employees of the State members of the System, such legislation exceeds the power conferred by Article 16, Section 62 of the Constitution and is unconstitutional. Since this Act contains a severability clause, the validity of the remaining portions of the Act are not affected and a person who is now or in the future becomes a state employee or elected official, if otherwise eligible, may qualify under the terms of this Act.

It is the opinion of this office that the above quoted portion of House Bill 902, Acts of the 58th Legislature, R.S. 1963, Chapter 524, p. 1372, in no manner restricts or limits the power of the Legislature to enact S.B. 418, Section 4, Sub-section E, 61st Legislature. Not only does the Legislature have the inherent power to amend prior acts, but also Article 16, Section 62, Sub-section A, of the Constitution of the State of Texas specifically confers on the Legislature the authority to make such reasonable inclusion of officers and employees of the State in the Retirement System as it deems advisable.

### S U M M A R Y

> Senate Bill 418, Section 4, Sub-section E, 61st Legislature does not destroy or impair a vested right. Therefore such legislation is not such retroactive legislation as prohibited by Article I, Sec. 16 of the Constitution of the State of Texas. Senate Bill 418, Section 4, Sub-section E, 61st Legislature as applied to a person who is not serving the State in either an elective capacity or as an employee is unconstitutional and is in violation of Article III,

Section 44 of the Constitution of the State of Texas, which prohibits extra compensation to be paid to an officer or employee of the State of Texas after his public service has been performed. H. B. 902, Acts 58th Legislature R.S. 1963, Chapter 924, p. 1372 does not prohibit the Legislature from passing Senate Bill 418, Section 4, sub-section E, 61st Legislature.

Very truly yours

CRAWFORD C. MARTIN

Prepared by Louis G. Neumann
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman

John Reeves
Harold Kennedy
Jack Goodman
James Quick

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant