938 S.W.2d 783 (1997)
In re R.A.T., R.L.T., P.R.T., and B.T.
No. 11-96-124-CV.
Court of Appeals of Texas, Eastland.
January 30, 1997.
Rehearing Denied March 13, 1997.
Celia D. Trimble Boone, Law Offices of Celia Trimble Boone, Malcolm Schulz, Schulz & Robertson, Abilene, for appellant.
Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Gary A. Orren, Assistant Criminal District Attorney, Abilene, for appellee.
Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

OPINION
ARNOT, Chief Justice.
The issue before this court is whether including constructive abandonment, a recently created ground for involuntary termination of parental rights, in the jury charge violated the constitutional prohibition against retroactive laws under the facts of this case. We find that it did, and we reverse and remand.
In two points of error, appellant contends that instructing the jury on constructive abandonment violated her rights under the Texas Constitution. The amendment to TEX.FAM. CODE ANN. § 161.001 (Vernon *784 1996) adding constructive abandonment was effective September 1, 1995. The element of constructive abandonment[1] which concerns this appeal is the temporal requirement that the children have been in "the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services" for not less than one year. The Texas Department of Protective and Regulatory Services amended its petition for termination of appellant's parental rights on December 1, 1995. The trial began on January 29, 1996, almost five months after the effective date of the amendment adding constructive abandonment. In order to terminate appellant's parental rights based on constructive abandonment, a period of approximately seven months before the effective date must be added to the almost five months between the effective date and the date of trial to achieve the requisite one year under Section 161.001(1)(N). This use of time prior to the effective date of the amendment to meet the one-year requirement is what appellant argues is a prohibited retroactive application. We agree.
TEX.CONST. art. I, § 16 provides that "[n]o ... retroactive law ... shall be made." However, not every retroactive law is unconstitutional. Texas Water Rights Commission v. Wright, 464 S.W.2d 642 (Tex. 1971). Article I, section 16 prohibits retroactive laws which change "rights" as opposed to "remedies" or which effect vested rights or well-founded claims as opposed to non-vested or inchoate rights. Texas Water Rights Commission v. Wright, supra; Deacon v. City of Euless, 405 S.W.2d 59 (Tex.1966); McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898 (1955); Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249 (1887). In the recent case of M.L.B. v. S.L.J. and M.L.J., ___ U.S. ___, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996), the Supreme Court addressed the concerns of an indigent natural parent whose rights were terminated and stated:
Choices about marriage, family life, and the upbringing of children are among associational rights this Court has ranked as "of basic importance in our society," [Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)], rights sheltered by the Fourteenth Amendment against the State's unwarranted usurpation, disregard, or disrespect.
In Wiley v. Spratlan, 543 S.W.2d 349 at 352 (Tex.1976), the Texas Supreme Court recognized that "[t]he natural right which exists between parents and their children is one of constitutional dimensions." See also In the Interest of J.W.T., 872 S.W.2d 189 (Tex.1994). We hold that appellant's parental rights to her four children is such a "vested right" or a "well-founded claim" that the jury instruction on constructive abandonment violated her constitutional protection against retroactive laws. Because a vested right is involved, we disagree with the State's argument that the enabling language of the legislation allowed the trial court to instruct the jury on constructive abandonment.[2]
The charge authorized the termination of appellant's rights[3] if the jury found from clear and convincing evidence that one of five various grounds existed and that termination is in the best interest of each child. The five grounds listed were surroundings that endangered each child, conduct that endangered each child, failure to financially support each child, refusal to submit to trial court orders, and constructive abandonment of each child. The charge did not ask the jury on which ground or grounds it based its *785 determination to terminate. There is no challenge to the sufficiency of the evidence, and the State correctly contends that proof of only one of the five alleged grounds was necessary to terminate. While the jury heard evidence that supported each ground, we find that the improper charge on constructive abandonment was calculated to cause and probably did cause the jury to render an improper verdict. TEX.R.APP.P. 81(b)(1). At the time of trial, the children had been in the custody of the Texas Department of Protective and Regulatory Services for 32 months. The Department had attempted to help appellant improve her parenting skills, but the record reflects that appellant would not cooperate. Appellant had had no contact with her children for at least two years, and appellant had repeatedly failed to provide her children with a safe environment when they were in her custody. These are the elements of constructive abandonment, and we find that the inclusion of constructive abandonment was reversible error. Rule 81(b)(1); City of Brownsville v. Alvarado, 897 S.W.2d 750 (Tex.1995).
We sustain appellant's first and second points of error. We do not reach appellant's third point. TEX.R.APP.P. 90(a).
The order of the trial court is reversed, and the cause is remanded for a new trial.
NOTES
[1] Section 161.001(1)(N) provides that constructive abandonment occurs when:

[T]he child who has been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services or an authorized agency for not less than one year, and:
(i) the department or authorized agency has made reasonable efforts to return the child to the parent;
(ii) the parent has not visited or maintained contact with the child; and
(iii) the parent has demonstrated an inability to provide the child with a safe environment.
[2] The legislation enacting this amendment to Section 161.001 provided that the amendment applies to "a pending suit affecting the parent-child relationship without regard to whether the suit was commenced before, on or after the effective date [September 1, 1995]." Act of June 16, 1995, 74th Leg., ch. 751 sec. 129.
[3] The termination of the father's parental rights was also submitted to the jury. The jury terminated the father's rights, but he has not appealed.