February 18, 2004

Mr. J. Kevin Ward
Executive Administrator
Texas Water Development Board
P.O. Box 13231
1700 North Congress Avenue
Austin, Texas 78711-3231

Opinion No. GA-0149

Re: Whether an amendment to section 16.012(m) of the Water Code, which repealed a provision that excepted certain water-use surveys from disclosure under the Public Information Act, applies to surveys obtained by the Texas Water Development Board prior to the amendment's effective date (RQ-0096-GA)

Dear Mr. Ward:

Recently enacted House Bill 1378 amended section 16.012(m) of the Water Code to repeal a provision that excepted certain water-use surveys obtained by the Texas Water Development Board (the "Board") from disclosure under the Public Information Act. You ask, in essence, whether this amendment applies to all surveys obtained by the Board under section 16.012(m) or only to surveys obtained by the Board after the amendment's June 20, 2003 effective date.[1]

## I. Background

Section 16.012 of the Water Code requires the Board's executive administrator to "make studies, investigations, and surveys of the occurrence, quantity, quality, and availability of the surface water and groundwater of this state and . . . , in cooperation with other entities of the state, guide the development of a statewide water resource data collection and dissemination network." TEX. WATER CODE ANN. § 16.012(a) (Vernon Supp. 2004). In 2001, the Seventy-seventh Legislature added subsection (m) to section 16.012 to authorize the executive administrator to "conduct surveys of entities using groundwater and surface water . . . to gather data to be used for long-term water supply planning." Act of May 27, 2001, 77th Leg., R.S., ch. 966, § 2.15, sec. 16.012(m), 2001 Tex. Gen. Laws 1991, 1999 (effective Sept. 1, 2001). Subsection (m) provided in pertinent part

> Recipients of the survey shall complete and return the survey to the executive administrator. A person who fails to timely complete and return the survey is not eligible for funding from the board for board

---

[1]Letter from Suzanne Schwartz, General Counsel, Texas Water Development Board, to Honorable Greg Abbott, Texas Attorney General, at 1 (Aug. 25, 2003) (on file with the Opinion Committee) [hereinafter Request Letter].

> programs and is ineligible to obtain permits, permit amendments, or permit renewals from the commission under Chapter 11. A person who fails to complete and return the survey commits an offense that is punishable as a Class C misdemeanor. *Surveys obtained by the board from nongovernmental entities are excepted from the requirements of Section 552.021, Government Code, unless otherwise directed in writing by the person completing the survey.*

*Id.* (emphasis added).

In 2003, the Seventy-eighth Legislature adopted House Bill 1378, which amended section 16.012(m) to authorize the executive administrator to conduct surveys of entities using groundwater and surface water "for municipal, industrial, power generation, or mining purposes," thus narrowing the water uses the Board may survey under this provision. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 1057, § 3, 2003 Tex. Gen. Laws 3044, 3047 (codified as an amendment to TEX. WATER CODE ANN. § 16.012(m) (Vernon Supp. 2004)). Significantly, House Bill 1378 also deleted the sentence governing surveys' disclosure. *See id.* at 3047. House Bill 1378 became effective on June 20, 2003. *See id.* § 11, at 3050.

## II.     Analysis

In light of this amendment to section 16.012(m) of the Water Code, you ask the following question:

> Whether the legislative modification of Section 16.012(m), Texas Water Code, opens to public release only those future surveys obtained from non-governmental entities after June, 2003, or does the legislation have the effect of opening to public release all past surveys obtained from non-governmental entities, including those surveys obtained during the years in which the subsection (m) exception was in effect?

Request Letter, *supra* note 1, at 2.

### A.     Statutory Construction

#### 1.     *The statute's plain meaning*

The answer to your question first depends upon the amendment's plain meaning. Prior to June 20, 2003, subsection (m) provided that "[s]urveys obtained by the board from nongovernmental entities are excepted from the requirements of Section 552.021, Government Code, unless otherwise directed in writing by the person completing the survey." Act of May 27, 2001, § 2.15, 2001 Tex. Gen. Laws at 1999 (amended 2003) (current version at TEX. WATER CODE ANN. § 16.012(m) (Vernon Supp. 2004)). Section 552.021 of the Government Code, a provision of the Public Information Act, requires governmental bodies to make public information available to the

public. *See* TEX. GOV'T CODE ANN. § 552.021 (Vernon Supp. 2004) ("Public information is available to the public at a minimum during the normal business hours of the governmental body."). Thus, prior to the 2003 amendment, surveys obtained by the Board from nongovernmental entities under section 16.012(m) were not subject to disclosure under the Public Information Act, unless otherwise directed in writing by the person completing the survey.

House Bill 1378 deleted from section 16.012(m) the sentence excepting nongovernmental entities' surveys from disclosure under the Public Information Act. *See* Act of May 30, 2003, § 3, 2003 Tex. Gen. Laws at 3047 (codified as an amendment to TEX. WATER CODE ANN. § 16.012(m) (Vernon Supp. 2004)). As a result, like other public information, these surveys are now subject to disclosure under the Public Information Act, unless some other exception to disclosure applies. *See* TEX. GOV'T CODE ANN. §§ 552.021, 552.101-.1425 (Vernon 1994 & Supp. 2004) (exceptions to disclosure).

The legislature has mandated that the Public Information Act "shall be liberally construed in favor of granting a request for information." *Id.* § 552.001(b) (Vernon 1994). Consistent with that directive, this office requires that, to provide a basis for withholding information under the Act, a confidentiality provision outside the Act must be express and cannot be implied. *See* Tex. Att'y Gen. ORD-658 (1998) at 4, ORD-478 (1987) at 2. We presume that the legislature enacted House Bill 1378 "with complete knowledge of the existing law and with reference to it." *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). Had the legislature intended to limit the amendment's effect, it would have expressly provided that the amendment does not apply to surveys obtained by the Board before a certain date or that it applies only to surveys obtained by the Board after a certain date. It did neither. By contrast, House Bill 1378 added a new confidentiality provision in section 16.012(n) for field investigations that specifically provides that it applies only to information collected by the executive administrator after September 1, 2003.[2]

By analogy, the Public Information Act applies to all information in the possession of a governmental body; the date on which a governmental body obtained or created information is generally irrelevant. As the Supreme Court of Texas noted shortly after the Act's passage, "it is clear

---

[2]*See* Act of May 30, 2003, § 4, 2003 Tex. Gen. Laws at 3047-48 (codified as TEX. WATER CODE ANN. § 16.012(n) (Vernon Supp. 2004)) ("*Information collected* through field investigations on a landowner's property by the executive administrator *after September 1, 2003*, solely for use in the development of groundwater availability models under Subsection (*l*) of this section that reveals site-specific information about such landowner is not subject to Chapter 552, Government Code, and may not be disclosed to any person outside the board if . . . .") (emphasis added). We disagree with the suggestion that the confidentiality provision in section 16.012(n) coupled with the legislature's change to section 16.012(m) to narrow the water uses that the Board may survey indicates that the legislature intended to preserve the confidentiality of water-use surveys submitted to the Board by nongovernmental entities prior to House Bill 1378's effective date. *See* Brief from C. Robert Heath, Bickerstaff, Heath, Smiley, Pollan, Kever & McDaniel, L.L.P. on behalf of the Texas Farm Bureau, to Honorable Greg Abbott, Texas Attorney General, at 4-5 (Oct. 9, 2003) (on file with the Opinion Committee). Given the general presumption of openness and section 16.012(n)'s express confidentiality provision, the legislature would have plainly and explicitly continued to provide for prior water-use surveys' confidentiality in section 16.012(m) had it so intended. Moreover, the legislature decided to treat water-use surveys and field investigations differently. The fact that field investigations are confidential, and surveys are not, does not frustrate legislative intent. *See id.* at 5.

that the Act is intended to apply to all records kept by governmental bodies, whether acquired before or after the Act's effective date. No exception is made for records which were considered confidential prior to June 14, 1973." *Indus. Found. of the South v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 677 (Tex. 1976); *see also* Tex. Att'y Gen. ORD-468 (1987) (concluding that Public Information Act applies to records collected by governmental bodies prior to its effective date, but that constitutional prohibition against contract impairment precluded its application to information obtained pursuant to a confidentiality contract).

Similarly, House Bill 1378 makes no exception for surveys made confidential prior to its effective date. Thus, by its plain terms, the House Bill 1378 amendment to section 16.012(m) applies to all water-use surveys obtained by the Board under that provision, not just to those obtained by the Board after the amendment's effective date. Surveys obtained by the Board from nongovernmental entities under section 16.012(m) during the period in which that provision excepted such surveys from disclosure under the Public Information Act are now no longer excepted from disclosure by operation of that provision. Those surveys are now subject to disclosure under the Public Information Act, unless some other exception to disclosure applies. *See* TEX. GOV'T CODE ANN. §§ 552.021, 552.101-.1425 (Vernon 1994 & Supp. 2004) (exceptions to disclosure).

### 2.  *The Code Construction Act presumption*

This construction is not inconsistent with the Code Construction Act's rule that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022 (Vernon 1998); *see also Houston Indep. Sch. Dist. v. Houston Chronicle Publ'g Co.*, 798 S.W.2d 580, 585 (Tex. App.–Houston [1st Dist.] 1990, writ denied) (applying presumption to statute creating new exception to disclosure under Public Information Act). The House Bill 1378 amendment governs the Board's duty to make water-use surveys available in response to requests for that information under the Public Information Act. The amendment operates prospectively by changing the Board's duty with respect to requests for water-use surveys after the amendment's effective date. After June 20, 2003, the Board is no longer required to withhold surveys obtained from nongovernmental entities under section 16.012(m). The amendment does not operate retroactively to change the Board's duty with respect to requests for water-use surveys made prior to the amendment's effective date. Although no Texas case applies the Code Construction Act presumption to a confidentiality provision's repeal, state supreme courts in other jurisdictions have held that a statute that requires the release of records created before the statute's adoption acts prospectively. *See State of Hawai'i Org. of Police Officers v. Soc'y of Prof'l Journalists-Univ. of Hawai'i Chapter*, 927 P.2d 386, 398 (Haw. 1996); *State ex rel. Beacon Journal Publ'g Co. v. Univ. of Akron*, 415 N.E.2d 310, 313 (Ohio 1980) ("The date the records were made is not relevant under the statute. Since the statute merely deals with record disclosure, not record keeping, only a prospective duty is imposed upon those maintaining public records.").

### B.  Constitutional Issues

It may be argued that this amendment has some retroactive effect because it governs the disclosure of surveys submitted to the Board prior to its effective date. When nongovernmental

entities submitted surveys to the Board under the prior version of the statute, they did so believing that the Board would be prohibited from releasing them to the public. With House Bill 1378's enactment, these surveys must now be disclosed under the Public Information Act unless some other exception applies.

1.     *The statute does not impair vested rights*

The Texas Constitution states that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." TEX. CONST. art. I, § 16. Not all statutes that apply retroactively are constitutionally prohibited. A retroactive statute violates this prohibition only if, when applied, it takes away or impairs vested rights acquired under existing law. *See Subaru of America v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002); *Ex parte Abell*, 613 S.W.2d 255, 260 (Tex. 1981); *McCain v. Yost*, 284 S.W.2d 898, 900 (Tex. 1955).

A vested right is a property right, which the Constitution protects like any other property. *Middleton v. Tex. Power & Light Co.*, 185 S.W. 556, 560 (Tex. 1916). However, "[t]hat no one has a vested right in the continuance of present laws in relation to a particular subject, is a fundamental proposition; it is not open to challenge. The laws may be changed by the Legislature so long as they do not destroy or prevent an adequate enforcement of vested rights. There cannot be a vested right, or a property right, in a mere rule of law." *Id.*

As one court has noted in the context of the Public Information Act, "[a] 'vested right' implies an immediate right or entitlement—it is not an expectation or a contingency. 'When the authority granting the right has the power and discretion to take that right away, it cannot be said to be a vested right.' Engrained in the concept of vested rights is the idea of certainty. When a lawmaking power can declare that a right does not exist, the right is not 'fixed or vested.'" *Houston Indep. Sch. Dist.*, 798 S.W.2d at 589 (citations omitted) (addressing statute enacting new exception to disclosure).

Although we have not located a Texas case addressing the constitutionality of legislation repealing a confidentiality statute, the Supreme Court of Texas addressed an analogous concern when it considered the release under the Public Information Act of workers compensation claims that had been submitted to an agency prior to the Act's effective date pursuant to an agency rule providing for their confidentiality. *See Indus. Found. of the South*, 540 S.W.2d at 677. The court expressly held that information should not be excepted from disclosure "merely because the individual furnishing such information did so with the expectation that access to the information would be restricted." *Id.* The court determined that "the Legislature has not, by determining that government information formerly kept confidential should be disclosed, impaired any vested right of a claimant to the confidentiality of the information." *Id.*; *see also Doe v. Sundquist*, 2 S.W.3d 919, 925 (Tenn. 1999) (holding that birth parents did not have vested right in confidentiality of adoption records in part because there "has never been an absolute guarantee or even a reasonable expectation by the birth parent or any other party that adoption records were permanently sealed").

Based on this court holding, this office concluded that the Public Information Act applies to all information collected by governmental bodies prior to its effective date, except for information collected pursuant to an "express contract of confidentiality," to avoid the constitutional prohibition against impairment of contracts. *See* Tex. Att'y Gen. ORD-468 (1987) at 4. Information obtained "with only an expectation of confidentiality [is] not excepted from public disclosure." *Id.*; *see also id.* ORD-358 (1983) (concluding that Public Information Act does not create vested rights). Similarly, this office has also suggested that a person lacks a vested right in the confidentiality of information he or she did not choose to submit to the governmental entity. *See* Tex. Att'y Gen. Op. No. JM-906 (1988) at 8 (concluding that physicians who were the subject of complaints to Board of Medical Examiners lacked vested right in complaints' confidentiality because physician "had no authority to determine whether [complaint] would be submitted to the board").

House Bill 1378 does not impair a vested right of a nongovernmental entity to the confidentiality of a water-use survey. Nongovernmental entities that submitted water-use surveys to the Board as required by the prior version of section 16.012(m) had no vested right in the provision prohibiting the surveys' disclosure under the Public Information Act, which, as a mere rule of law, created only an expectation of confidentiality. *See Indus. Found. of the South*, 540 S.W.2d at 677; *Middleton*, 185 S.W. at 560. Furthermore, under section 16.012(m) as enacted in 2001, failure to complete and return a survey was punishable as a Class C misdemeanor. *See* TEX. WATER CODE § 16.012(m), as added by Act of May 27, 2001, § 2.15, 2001 Tex. Gen. Laws at 1999. In addition, a person who failed to timely return a survey was not eligible for funding from the Board or to obtain permits, permit amendments, or permit renewals from the Texas Commission on Environmental Quality[3] under chapter 11 of the Water Code. *See id.* Nongovernmental entities, which had no choice but to submit the surveys and did not submit surveys on the condition that the Board would withhold them from disclosure, had no vested right in the surveys' confidentiality. *See* Tex. Att'y Gen. Op. No. JM-906 (1988).

> 2.      *The statute is valid even if it has some retroactive effect*

Finally, "'[m]ere retroactivity is not sufficient to invalidate a statute.' A valid exercise of the police power by the Legislature to safeguard the public safety and welfare can prevail over a finding that a law is unconstitutionally retroactive." *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 633-34 (Tex. 1996) (citation omitted). A bill analysis for House Bill 1378 explains the purpose for repealing the section 16.012(m) confidentiality provision:

> The original intent of Texas Water Code 16.012(m) was to provide more complete and accurate water use data for the state and regional water planning process. However, the provisions exempting release of the water use surveys submitted by non-governmental entities have

---

[3]Effective September 1, 2002, the name of the Texas Natural Resource Conservation Commission changed to the Texas Commission on Environmental Quality. *See* Act of May 28, 2001, 77th Leg., R.S., ch. 965, § 18.01(a)(1), 2001 Tex. Gen. Laws 1933, 1985; "TNRCC is Now the TCEQ," at http://www.tceq.state.tx.us/name_change.html.

> caused significant obstructions to the process it was meant to improve. This is especially the case since specific data provided in these water use surveys cannot be released to the Regional Water Planning Groups, their consultants, or other interested parties. The withholding of detailed information that was once freely available makes the process of verifying and evaluating water use and water demands on a regional and local level extremely difficult.

HOUSE COMM. ON NATURAL RESOURCES, BILL ANALYSIS, Tex. H.B. 1378, 78th Leg., R.S. (2003). To the extent House Bill 1378 has some retroactive effect, it is a constitutional exercise of the legislature's police power to safeguard public safety and welfare. *See Barshop*, 925 S.W.2d at 634 (holding that a statute's retroactive effect did not render it unconstitutional based on legislative findings that statute was "'required for the effective control of the [aquifer] to protect terrestrial and aquatic life, domestic and municipal water supplies, the operation of existing industries, and the economic development of the state'") (citation omitted).[4]

---

[4]*See also* Tex. Att'y Gen. Op. No. JC-0515 (2002) at 10 (concluding that it was "unnecessary to decide whether a regulated entity has a vested right . . . to have its compliance history determined according to the law in effect when the relevant events took place" because, even if such a right exists, "the compliance history rule applies to programs designed to protect the public health, safety, and welfare").

## S U M M A R Y

Recently enacted House Bill 1378 amended section 16.012(m) of the Water Code to repeal a provision that excepted certain water-use surveys obtained by the Texas Water Development Board from disclosure under the Public Information Act. This amendment applies to all surveys obtained by the Board under section 16.012(m), including surveys obtained by the Board prior to the amendment's effective date. These surveys must now be disclosed under the Public Information Act unless some other exception to disclosure applies. To the extent this amendment has some retroactive effect, it does not violate article I, section 16 of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee