**Henry W. PRATT, Appellant,**

v.

**Bob STORY et ux., Appellees.**

**No. 861.**

Court of Civil Appeals of Texas, Tyler.

Nov. 13, 1975.

Alex Beall, Beall & Crow, Tyler, for appellant.

J. Byron Saunders, Saunders, Caldwell & Schmidt, Tyler, for appellees.

McKAY, Justice.

Appellant, Henry W. Pratt, brings this appeal from a judgment of the 114th Judicial District Court of Smith County, Texas, which granted specific performance of a contract of purchase and sale and vested fee title and possession to a 4.167 acre tract of land in appellees, Bob Story and wife. We affirm.

On June 25, 1966, appellant entered a contract with one Jerger and wife to sell the property in question with improvements thereon for a purchase price of fifteen thousand ($15,000.00) dollars, payable in monthly installments. The contract provided that upon payment in full appellant would execute a general warranty deed and that payment in full was a condition precedent to

the passing to buyer of any title, legal or equitable. Jerger and wife subsequently assigned the contract to appellees on January 14, 1969. Thereafter, appellees lived on the property until July of 1972 when the residence located on the premises was destroyed by fire. Appellees then moved from the property and discontinued payment of the monthly installments.

Approximately four months later, on October 12, 1972, appellant filed an affidavit of default and repossession in the Deed Records of Smith County and took possession of the premises.

In compliance with the contract, appellees had maintained insurance on the premises in the amount of eighteen thousand ($18,000.00) dollars during the period of their occupancy. After filing the affidavit of default and repossession, appellant filed a proof of loss with appellees' insurance company seeking to recover on the policy for the fire loss under the mortgagee clause. Appellant received thirteen thousand six hundred ($13,600.00) dollars from the insurance company on February 12, 1973. Appellant then executed a release and indemnity agreement to the insurance company and also agreed to indemnify the company against all claims which might be asserted by appellees.

Appellees then filed suit seeking a declaratory judgment that the contract was still in force and also seeking specific performance of the contract. Trial was to the court without a jury and ended favorably for appellees. The trial court filed findings of fact and conclusions of law. Among the findings of fact, the trial court found that appellant failed to comply with Art. 1301b, V.A.T.S., prior to February 12, 1973. As to the law, the trial court concluded that: (1) the contract was in force on February 12, 1973, (2) the payment to appellant of the insurance proceeds was pro tanto satisfaction of the amount due under the contract, and (3) appellant's acceptance of the insurance proceeds extinguished his interest in the contract and the property.

In his first point, appellant contends that the trial court erred in holding that prior to executing the affidavit to cancel and void the contract appellant was required to comply with Art. 1301b, V.A.T.S. The statute became effective September 1, 1969, and, as far as applicable to this case, provides:

"Art. 1301b. Forfeiture and acceleration under executory contract for conveyance; notice; avoidance

"Section 1. A forfeiture of the interest and the acceleration of the indebtedness of a purchaser in default under an executory contract for conveyance of real property used or to be used as the purchaser's residence may be enforced only after notice of seller's intentions to enforce the forfeiture and acceleration has been given to the purchaser and only after the expiration of the periods provided below:

"(a) When the purchaser has paid less than 10% of the purchase price, 15 days from the date notice is given.

"(b) When the purchaser has paid 10% but less than 20% of the purchase price, 30 days from the date notice is given.

"(c) When the purchaser has paid 20%, or more, of the purchase price, 60 days from the date notice is given.

"(d) Notice must be by mail or other writing. If by mail, it must be registered or certified and shall be considered given at the time mailed to his residence or place of business, and notification by other writing shall be considered given at the time delivered to the purchaser at his residence or place of business.

"(e) Such notice shall be conspicuously set out; shall be printed in 10 point bold face type or upper case typewritten letters; and shall include the following:

NOTICE

YOU ARE LATE IN MAKING YOUR PAYMENT UNDER THE CONTRACT TO BUY YOUR HOME. UNLESS YOU MAKE THE PAYMENT BY (date) THE SELLER HAS THE RIGHT TO TAKE POSSESSION OF

YOUR HOME AND TO KEEP ALL PAYMENTS YOU HAVE MADE TO DATE."

No such notice was given to appellees by appellant.

Appellant argues that to require compliance with Art. 1301b in this case would violate that portion of Tex.Const. Art. I, Section 16, which prohibits retroactive laws or laws impairing the obligations of contracts. Appellant's contention is that application of Art. 1301b is an unconstitutional violation of the forfeiture provision of the contract which, so far as pertinent, provided:

> "5. . . . should Buyer be in default, . . . the Buyer shall surrender possession to Seller . . . and Seller shall have the right to re-enter and take full possession of such property to complete exclusion of Buyer, and a sworn statement to this effect filed of record in Smith County, Texas, will be notice to the World of the cancellation hereunder."

■ At the outset, it should be noted that not all statutes fall within the prohibition of Art. 1, Section 16. It has long been held in Texas that statutes which are remedial in nature and which do not disturb vested rights are not within this constitutional ban. *International Bldg. and Loan Ass'n v. Hardy*, 86 Tex. 610, 26 S.W. 497 (1894); *American Surety Co. of New York v. Axtell Co.*, 120 Tex. 166, 36 S.W.2d 715 (1931, opinion adopted); *City of Fort Worth v. Morrow*, 284 S.W. 275 (Tex.Civ.App.—Fort Worth, 1926, writ ref'd); *Beaumont Petroleum Syndicate v. Broussard*, 64 S.W.2d 993 (Tex.Civ.App.—Beaumont, 1933, appeal dism'd); *Regal Properties v. Donovitz*, 479 S.W.2d 748 (Tex.Civ.App.—Dallas, 1972, writ ref'd, n. r. e.).

A remedial statute has been defined as a law introducing a new regulation for the advancement of the public welfare or conducive to the public good, *Board of Ins. Com'rs v. Great Southern Life Ins. Co.*, 150 Tex. 258, 239 S.W.2d 803 (1951); or one

which supplies defects, and abridges superfluities in the former law, *Falls v. Key*, 278 S.W. 893 (Tex.Civ.App.—Fort Worth, 1925, writ dism'd); or one enacted to afford a remedy, or to improve and facilitate remedies existing for the enforcement of rights and the redress of injuries, and also one intended for the correction of defects, mistakes and omissions in the civil institutions and administrative policy of the state. *Slate v. City of Fort Worth*, 193 S.W. 1143 (Tex.Civ.App.—El Paso, 1917, no writ). Generally stated, a remedial statute pertains to remedies or procedure.

■ Art. 1301b merely provides a notice procedure to be followed prior to enforcing a forfeiture for default under an executory contract of sale. Therefore, in our opinion, Art. 1301b, V.A.T.S., is a remedial statute. This conclusion would seem to be borne out by analogizing to Art. 3810, V.A.T.S., concerning sales under deeds of trust. Art. 3810 pertains to the procedure to be followed and the notice to be given for sale of real property by a trustee under a deed of trust and (then Art. 3759) was denominated a remedial statute in *Freece v. Truskett*, 130 Tex. 90, 106 S.W.2d 675 (1937, opinion adopted). Moreover, at the last session of the Legislature, Art. 3810 was amended to provide for additional notice requirements; and Section 2 of the amended act provides, "This Act shall become effective on January 1, 1976, and *it shall apply only to sales made after that date.*" (Emphasis added.) Vernon's Tex. Session Laws, 1975, ch. 723, at page 2354. We are of the opinion that the Legislature also intended Art. 1301b should control forfeitures under executory contracts of sale occurring after its effective date of September 1, 1969.

■ Consequently, it would appear that appellant's arguments are not well taken. In *McCain v. Yost*, 155 Tex. 174, 284 S.W.2d 898, 900 (1955), the Supreme Court of Texas stated, "A statute cannot be said to be a retroactive law prohibited by the Constitution unless it can be shown that the application of the law would take away or

impair vested rights acquired under existing law." On the other hand, a remedial statute is applicable and controlling from the date it becomes effective. *Regal Properties v. Donovitz,* supra; *Bryant v. State,* 457 S.W.2d 72 (Tex.Civ.App.—Eastland, 1970, writ ref'd, n. r. e.); *Phil H. Pierce Co. v. Watkins,* 114 Tex. 153, 263 S.W. 905 (1924). Therefore, Art. 1301b, which became effective in 1969, is applicable to the present case because default and the attempted forfeiture did not occur until 1972.

In our opinion, the obligations of this contract are not impaired by the provisions of Art. 1301b. The obligations of a contract bind the parties by law to perform their agreement. *Hutchings v. Slemons,* 141 Tex. 448, 174 S.W.2d 487 (1943); *Beaumont Petroleum Syndicate v. Broussard,* supra. After Art. 1301b became effective and controlling, appellant and appellee were still bound to perform the contract according to its terms. The forfeiture provision was still intact and fully available to appellant as per the terms of the contract. There is no provision for notice prior to forfeiture in the contract; rather, the contract is completely silent on the subject. Since the parties did not expressly contract in regard to notice, the Legislature could constitutionally require notice prior to enforcement of the right of forfeiture under the contract. *Sharber v. Florence,* 131 Tex. 341, 115 S.W.2d 604 (1938); *Langever v. Miller,* 124 Tex. 80, 76 S.W.2d 1025 (1934). "It is the settled law that a litigant has no vested right in a remedy . . ." *Pierce v. Watkins,* supra. The prescribed notice procedure in Art. 1301b does not violate any express provision of the contract and, therefore, does not impair the obligations of the contract.

Appellant's first point is overruled.

Appellant has neither briefed nor orally argued his second point; therefore, appellant's second point is waived. Rule 418, T.R.C.P.

The judgment of the district court is affirmed.