TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00831-CV






Arlene Wallace, Appellant



v.



Michael King, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 98-13722, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING







 By execution of a contract for deed, in January 1991, Michael King purchased a
house from Arlene Wallace for $35,000. When King became delinquent in his payments in 1998,
Wallace notified King of the delinquency and recalculated the payments owed to her. Wallace
notified King that he was required to pay her $6345.48, of which $5795.88 was unpaid interest,
or he would lose the house. King sued Wallace for damages, asserting causes of action for breach
of contract and violation of the Texas Deceptive Trade Practices Act and the Texas Finance Code
(Texas Debt Collection Act). (1) The jury found that Wallace breached the contract, committed
deceptive acts, and charged interest greater than that allowed by the contract. Finding, however,
that the jury misapplied the measure of damages, the district court granted King's motion for
judgment non obstante veredicto (2) (JNOV), increased the actual damages, and found a violation
of the Debt Collection Act. The court also assessed a usury penalty based on the jury's findings.

 Wallace brings five issues on appeal: the trial court erred in disregarding the jury's
answer to question ten on actual damages; the trial court applied the wrong measure of damages;
the trial court erred in finding that Wallace violated the Debt Collection Act, specifically, Texas
Finance Code, § 392.301(a)(8); the trial court erred in awarding King the civil penalty for usury
allowed by the Finance Code; and the trial court erred in the amount of prejudgment interest
awarded.


Standard of Review



 A trial court may grant JNOV if there is no evidence to support one or more of the
jury findings on issues necessary to liability. Tex. R. Civ. P. 301. In order to uphold a trial
court's JNOV, an appellate court must determine that no evidence supports the jury finding. See
Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990) (citing Williams v. Bennett, 610
S.W.2d 144, 145 (Tex. 1980)). In reviewing a "no evidence" question, we consider all the
evidence in the light most favorable to the jury finding, indulging every reasonable inference in
favor of the finding. See Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276,
285-86 (Tex. 1998) (citing Harbin v. Seale, 461 S.W.2d 591, 592 (Tex. 1970)). If more than a
scintilla of evidence supports the finding, it must be upheld. See Burroughs Wellcome Co. v.
Crye, 907 S.W.2d 497, 499 (Tex. 1995); Mancorp, 802 S.W.2d at 228. The evidence supporting
the finding amounts to more than a scintilla if reasonable minds could arrive at the finding given
the facts proved in the particular case. See Crye, 907 S.W.2d at 499; Transportation Ins. Co. v.
Moriel, 879 S.W.2d 10, 25 (Tex. 1994).


JNOV on Actual Damages



 In issue one, Wallace contends that the trial court erred in disregarding the jury's
answer to question ten and substituting its own judgment for that of the jury by increasing the
actual damage award to $30,000. In issue two, Wallace challenges the measure of damages used
in the question. Question ten asked: (3)


What sum of money, if any, if paid now in cash, would fairly and reasonably
compensate Michael King for his damages, if any, that resulted from the conduct
of Arlene Wallace?


Consider the following element of damages, and none other:


The difference, if any, between the purchase price in the Contract for deed and the
fair market value of the house on October 13, 1998.


Answer in dollars and cents for damages, if any.


ANSWER: $8000.00



Wallace agreed on the record to the entire charge as given. She cannot now challenge that charge
on appeal. See Tex. R. Civ. P. 272 (objections to charge must be made before charge presented
to jury); Summit Mach. Tool Mfg. Corp. v. Great Northern Ins. Co., 997 S.W.2d 840, 849 (Tex.
App.--Austin 1999, no pet.). Accordingly, we overrule issue two.


Establishing Value


 An owner of real property may testify about his or her opinion of the fair market
value of the property. See Porras v. Craig, 675 S.W.2d 503, 505 (Tex. 1984). However,
opinion testimony does not establish a material fact as a matter of law. See Hood v. Texas Indem.
Ins. Co., 209 S.W.2d 345, 346 (Tex. 1948); State v. ADSS Properties, Inc., 878 S.W.2d 607,
614 (Tex. App.--San Antonio 1994, writ denied). In most situations, a jury is not bound by the
opinion of an expert and can form its own opinion from other evidence and by utilizing its own
experience and common knowledge. See McGalliard v. Kuhlman, 722 S.W.2d 694, 697 (Tex.
1986); State v. Huffstutler, 871 S.W.2d 955, 959 (Tex. App.--Austin 1994, no writ). The jury
may not, however, "leap entirely outside of the evidence in answering any question submitted to
them." Callejo v. Brazos Elec. Power Coop., Inc., 755 S.W.2d 73, 75 (Tex. 1988); see
Huffstutler, 871 S.W.2d at 959. In general, the testimony of a party or an interested witness
cannot be the basis of an instructed verdict because it raises a credibility issue on which the jury
must pass. See Collora v. Navarro, 574 S.W.2d 65, 69 (Tex. 1978). Uncontradicted testimony
of an interested witness cannot be considered as doing more than raising an issue of fact unless
that testimony is clear, direct, and positive and there are no circumstances tending to impeach or
discredit that testimony. See McGalliard, 722 S.W.2d at 697. The trier of fact has considerable
discretion in evaluating opinion testimony on the issue of damages. Id.


The Evidence on Value


 King testified that, in his opinion, in 1998 the house was worth $65,000. He said
he had been studying to be a real estate salesperson and he had compared his house to other
comparable ones. Wallace would not place a monetary value on the house; she agreed that there
had been some general appreciation in the market but said that without inspecting the interior of
the house she could not value it and that she generally left matters of valuation to experts. 
However, this testimony was not the only evidence before the jury concerning the property's
valuation.

 King introduced, as his exhibit nine, information showing the basis for his valuation
of the property. The information in the exhibit, apparently from the Travis County Appraisal
District and the real estate multiple listing service, showed that King's house was a single-family
dwelling of 896 square feet, built in 1942. There is no information about the number of
bedrooms; there was one bathroom. The property is located in the Manor School District. The
total assessed value for taxation for the 1998 tax year is shown as $33,103.

 The information about property King considered comparable showed listings for 
several duplexes, built in 1983, 1830 square feet in size, with prices ranging from $68,900 to
$78,000. There was another group of larger duplexes, built in 1965, running at 2268 square feet,
with a price of $84,500 each. The duplexes had two bedrooms and either one-and-one-half or two
baths on each side, various amenities, and generally appeared to be rented from $500 to $575 per
month. The duplexes were also located in the Manor Independent School District but were in a
different subdivision than King's house. King also included information about two single-family
houses which were located in yet another subdivision, part of the Austin Independent School
District. Each house had three bedrooms and one bath. One was 1056 square feet in size, with
a listing price of $83,950. The other consisted of 1538 square feet with a listing price of $84,500.

 King and Wallace each introduced photographs of the exterior of the house as
exhibits in evidence before the jury. Wallace introduced photographs of the house at the time she
sold it to King; King's photographs depicted the property at the time of trial. It appears that the
house was on a fairly large and pleasant looking lot. From the photographs, however, it appears
that the only exterior improvement made by King was to place a lattice trellis around the porch. 
King testified that he had improved the interior after he purchased the house by installing carpet
and tile, re-hanging three doors, and repairing some wood damage that occurred after a heavy
rain.

 King's testimony was only opinion evidence and did not conclusively establish the
fair market value of the property. The jury can form its own opinion from other evidence and by
using its own experience and common knowledge. The jury had reason to reject King's testimony
on value because the property that he considered comparable was newer, larger, and some was
income-producing. The jury had before it evidence from which it could derive a value for the
house. The jury appeared to have given King credit for improvements and increases in property
values because it valued the property higher than the initial sale price. However, the jury was
entitled to allow for the fact that King's property was older, smaller, and did not have some of
the amenities of the properties he considered comparable.

 We conclude that King's testimony did not establish as a matter of law that the
value of his property was $65,000. More than a scintilla of evidence in the record supports the
jury finding. Reasonable minds could have arrived at the jury's conclusion. Accordingly, the
jury answer to question ten should not have been disregarded, and we sustain appellant's
contention in issue one.


Texas Finance Code Violations and Usury



 In issue three, Wallace contends that the trial court erred in its JNOV that found,
as a matter of law, she violated the Texas Debt Collection Act. See Tex. Fin. Code Ann.
§ 392.301(a)(8) (West 1998). In issue four, Wallace contends that the trial court erred in
awarding King a civil penalty for usury. See id. § 349.001. Wallace argues that a section
349.001 penalty for usury is not authorized for a Debt Collection Act violation; she argues such
a violation is a ground only for actual damages. King responds that the usury penalty was
imposed based on the jury finding of excess interest and was not conditioned on a jury finding of
violations of the Debt Collection Act.

 Question ten on actual damages was conditioned on the jury answering "Yes" to
any one of three questions about breach of contract, deceptive trade practices, or unfair debt
collection practices. The jury answered yes to the first two, but no to the last. The questions
about excessive interest and its amount were separate and not related to the question about unfair
debt collection. The judgment recites that the finding of violations of the Debt Collection Act is
in addition to the jury's finding of usury. Wallace contends there is no evidence to support the 
amount of the jury's finding on excess interest. The jury had before it expert testimony from
King's accountant concerning how the amount due was calculated and the amount of excess
interest. Accordingly, we overrule issue four concerning the award of a usury penalty.

 In issue three, Wallace argues that the court erred in rendering JNOV that she
violated the Debt Collection Act. We conclude that the court could find such a violation occurred
as a matter of law. As a matter of law, a threat to terminate a contract without the legally
required notice violates the Debt Collection Act, which prohibits threatening to take any action
prohibited by law. See Rey v. Acosta, 860 S.W.2d 654, 659 (Tex. App.--El Paso 1993, no writ);
Dixon v. Brooks, 604 S.W.2d 330, 334 (Tex. Civ. App.--Houston [14th Dist.] 1980, writ ref'd 
n.r.e.). The record contains the notice given by Wallace in which she threatened to take
possession of the property and forfeit all sums previously paid. The form of the notice has at least
two violations of the notice requirements under the Property Code. The required language
concerning non-compliance with the contact does not use either boldface type or all capitals, nor
is it on a separate page. See Tex. Prop. Code Ann. § 5.062(a) (West Supp. 2000). The notice
does not inform King of the period to which the delinquency and additional charges relate. Id.
§ 5.062(b)(2)(C). Further, based on the evidence in the record concerning the amounts King had
paid, the court could have found that he was entitled to sixty days, not thirty days, after notice
to cure his deficiency. See id. § 5.061(2)(C) (if purchaser has paid 20 percent or more of the
purchase price, 60 days after the date notice is given). These notice violations constitute
violations of the Debt Collection Act as a matter of law. We overrule issue four.


Prejudgment Interest



 In issue five, Wallace contends that the trial court erred in its award of actual
damages and penalties and that its calculation of prejudgment interest is in error. Wallace further
contends that the damages awarded in question ten already include prejudgment interest. We
disagree and she provides no argument or authorities under this issue. Moreover, she did not
object to the charge; any challenges to the measure of damages has been waived.

 Appellee contends that prejudgment interest was properly figured at six per cent
per year figured on the time between the breach and the date of judgment based on the actual
damages awarded. Accordingly, since we are reinstating the jury's actual damages figure,
prejudgment interest must be recalculated. We sustain issue five with regard to the need to
recompute prejudgment interest and remand that issue to the trial court.


Conclusion


 We have overruled Wallace's issues two, three and four. We have sustained issues
one and five. Accordingly, we reverse that portion of the judgment awarding $30,000 in actual
damages and render judgment for the $8000 in actual damages found by the jury. We remand that
part of the cause awarding prejudgment interest to recalculate interest based on the jury's damage
award of $8000.00. We affirm the judgment in all other respects.



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed in Part; Reversed and Rendered in Part; Reversed and Remanded in Part

Filed: August 31, 2000

Do Not Publish
1. Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. §§ 17.41-.826 (West
1987 & Supp. 2000); Texas Debt Collection Act, Tex. Fin. Code Ann. §§ 392.001-.404 (West
1998 & Supp. 2000).
2. "[U]pon motion and reasonable notice the court may render judgment non obstante veredicto
if a directed verdict would have been proper, and provided further that the court may, upon like
motion and notice, disregard any jury finding on a question that has no support in the evidence." 
Tex. R. Civ. P. 301.
3. Question ten was predicated on an affirmative answer to questions one, four, or nine, which
inquired whether Wallace breached the contract with King, engaged in deceptive trade practices,
or engaged in wrongful debt collection by threatening to take an action prohibited by law.



the Debt Collection Act is
in addition to the jury's finding of usury. Wallace contends there is no evidence to support the 
amount of the jury's finding on excess interest. The jury had before it expert testimony from
King's accountant concerning how the amount due was calculated and the amount of excess
interest. Accordingly, we overrule issue four concerning the award of a usury penalty.

 In issue three, Wallace argues that the court erred in rendering JNOV that she
violated the Debt Collection Act. We conclude that the court could find such a violation occurred
as a matter of law. As a matter of law, a threat to terminate a contract without the legally
required notice violates the Debt Collection Act, which prohibits threatening to take any action
prohibited by law. See Rey v. Acosta, 860 S.W.2d 654, 659 (Tex. App.--El Paso 1993, no writ);
Dixon v. Brooks, 604 S.W.2d 330, 334 (Tex. Civ. App.--Houston [14th Dist.] 1980, writ ref'd 
n.r.e.). The record contains the notice given by Wallace in which she threatened to take
possession of the property and forfeit all sums previously paid. The form of the notice has at least
two violations of the notice requirements under the Property Code. The required language
concerning non-compliance with the contact does not use either boldface type or all capitals, nor
is it on a separate page. See Tex. Prop. Code Ann. § 5.062(a) (West Supp. 2000). The notice
does not inform King of the period to which the delinquency and additional charges relate. Id.
§ 5.062(b)(2)(C). Further, based on the evidence in the record concerning the amoun