

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00404-CV

| | |
|---|---|
| G4 TRUST, GROVER GIBSON, TRUSTEE | APPELLANT |
| V. | |
| CONSOLIDATED GASOLINE, INC. AND BILLY DELP III | APPELLEES |

------------

## FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In two issues, Appellant G4 Trust (G4) appeals the trial court's ruling that an extrajudicial foreclosure sale was valid and its judgment that G4 take nothing against the purchasers at the sale, Appellees Consolidated Gasoline, Inc. and Billy Delp III (collectively, CGI). We reverse and remand.

---

[1]See Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

In 2004, JRP Equipment, Inc. and James R. Phillips (collectively, JRP) borrowed money from National Bank of Texas to purchase some property in Tarrant County, executing a promissory note (the Note) and securing the loan with a deed of trust (the Deed) that named the bank as beneficiary and the bank's president, George Bradford, as trustee. JRP defaulted on the loan, and on August 1, 2008, the bank gave JRP written notice of default and then accelerated the Note's maturity when JRP failed to cure the default.

On August 12, 2008, Bradford filed a written notice of trustee's sale to be held on September 2, 2008, and provided written notice to JRP. The written notice did not state Bradford's address, street or otherwise. Bradford's cover letter contained the bank's post office box number in its letterhead.

On August 28, 2008, the bank transferred the Deed, endorsed the Note to CGI, and gave written notice of the transfer to JRP. CGI appointed Billy Delp Jr. as substitute trustee to conduct the September 2, 2008 foreclosure sale, and Delp Jr. did so, selling the property to CGI. Not long after the sale, JRP assigned to G4 any causes of action it might have that related to the foreclosure, and G4 filed a notice of lis pendens, claiming an interest in the property. Notwithstanding the assignment, however, JPR filed suit in December 2008, seeking to set aside the foreclosure based on defective notice. G4 intervened in the suit in 2010.

In its August 31, 2010 judgment, the trial court found that JRP had assigned its claims to G4 and ordered that JRP take nothing against CGI and

2

Delp III. It also found that the September 2, 2008 foreclosure sale should not be set aside, removed G4's lis pendens, and ordered that G4 also take nothing against CGI and Delp III. The trial court made the following conclusions of law pertinent to this appeal:

6. Notice of the Trustee's Sale dated August 12, 2008 and the letter of same date sent to JRP[] complied with Texas law and the provisions of the deed of trust.

7. Notice of Trustee's Sale served with George Bradford's letter complied with the requirement of Tex. Prop. Code [Ann.] § 51.002.

8. [CGI] was not required to provide additional 21 day written notice of the foreclosure sale to [JRP] after it purchased the Note on August 28, 2008.

G4 now appeals.

### III. 2005 Amendment and Strict Compliance

In two issues, G4 challenges the trial court's conclusion that Bradford's August 12, 2008 notice to JRP was valid because (1) the 2005 amendment to property code section 51.0075(e) applied, rendering notice defective; and (2) the bank and CGI did not strictly comply with the property code and Deed notice requirements.

### A. Standard of Review

We review statutory construction de novo, and in construing statutes, we ascertain and give effect to the legislature's intent as expressed by the statute's language. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *see also Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op.

3

on reh'g) ("Where text is clear, text is determinative of [the legislature's] intent.") ; *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (noting that courts should not adopt a construction that renders statutory provisions meaningless).

## B. Property Code Sections 51.002, 51.0075, and the 2005 Amendment

Property code section 51.002 requires, for a sale of real property under contract lien, that notice be given at least twenty-one days before the date of the sale by "serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." Tex. Prop. Code Ann. § 51.002(b)(3) (West Supp. 2010). Section 51.0075(e), added in 2005, requires disclosure of the "street address" of a trustee or substitute trustee in a section 51.002(b) foreclosure notice. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1231, § 1, 2005 Tex. Gen. Laws 3980 (amended 2009) (current version at Tex. Prop. Code Ann. § 51.0075 (West Supp. 2010)).

G4 argues that the 2005 amendment's enabling language and the language in the Deed required the trial court to retroactively apply the amendment to the Deed. The 2005 amendment's enabling language states that the amendment applies

> to a security instrument or other contract executed on or after the effective date of this Act and to a security instrument or other contract executed *before* the date of this Act *that does not conflict* with the changes in law made by this Act. A security instrument or other contract executed before the effective date of this Act that

4

conflicts with the changes in law made by this Act is governed by the law in effect at the time the security instrument or other contract was executed, and the former law is continued in effect for that purpose.

*Id.* § 2, 2005 Tex. Gen. Laws 3980–81 (emphasis added).

## C. Retroactivity

The legislature can retroactively amend a statute so long as it does not "take away or impair vested rights acquired under existing law" in contravention of the Texas constitution. *McCain v. Yost*, 155 Tex. 174, 284 S.W.2d 898, 900 (1955). "Whether a right may be regarded as vested depends on considerations of 'fair notice,' 'reasonable reliance,' and 'settled expectations.'" *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 151 (Tex. 2010) (Medina, J., concurring) (quoting *Owens Corning v. Carter*, 997 S.W.2d 560, 572–73 (Tex. 1999)); *see also Mellinger v. City of Houston*, 68 Tex. 37, 45, 3 S.W. 249, 253 (1887) (stating that "until the state of facts which the law declares shall give a right comes into existence[,] there cannot be in law a right," and that because of this, "it has been constantly held that, until the right becomes fixed or vested, . . . the [legislature may] declare that the given state of facts shall not fix it, and such laws have been constantly held not to be retroactive in the sense in which that term is used"); *Rey v. Acosta*, 860 S.W.2d 654, 656–57 (Tex. App.—El Paso 1993, no writ) (holding that 1993 provisions of section 51.002(d)—requiring written notice of intent and a twenty-day period for debtors to cure default before a note on residential real estate could be accelerated—applied retroactively to a

contract entered before the statute's effective date because the provisions were procedural and remedial and did not affect substantive rights).[2]

## D. Analysis

The parties incorporated into their agreement the laws in force in 2004 when they executed the Deed. *See Wessely Energy Corp. v. Jennings*, 736 S.W.2d 624, 626 (Tex. 1987) (recognizing that laws existing at the time a contract is made become a part of the contract and govern the transaction). However, the Deed expressly acknowledges the potential for change in the law, stating, in relevant part:

> 15.  REMEDIES ON DEFAULT.  In some instances, federal and state law will require Lender to provide Grantor with notice of the right to cure or other notices and may establish time schedules for foreclosure actions.  Subject to these limitations, if any, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Grantor is in default.
>
> . . . .
>
> In the event of a default, it shall be the duty of the Trustee . . . to invoke power of sale as required by Section 51.002 of the Texas Property Code, *as then amended* . . . .  Trustee shall give notice of sale including the time, terms and place of sale and a description of the Property to be sold *as required by the applicable law in effect at the time of the proposed sale*.[3]  [Emphasis added.]

---

[2]In *Rey*, the buyers specifically waived notice, and the statutory amendment occurred before the note-holder's action to accelerate the note.  860 S.W.2d at 658.  The court held that the statute was remedial and did not alter any substantive rights when applied retroactively because the note-holder still had the right to accelerate the note.  *Id*.  The statutory amendment "simply required that written notice followed by a 20-day grace period precede acceleration."  *Id*.

[3]The Deed also provides for removal of the trustee and appointment of a successor trustee through written designation.  The 2005 amendment introduced

*See Deacon v. City of Euless*, 405 S.W.2d 59, 61 (Tex. 1966) (noting that laws may operate retroactively when it is apparent that the makers and adopters intended retroactive application of an amendment, provided retroactive application does not impair vested rights); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 155 (Tex. App.—Fort Worth 2007, pet. denied) (same).

The Deed expressly incorporates section 51.002's notice requirements. Tex. Prop. Code Ann. § 51.002. Section 51.0075(e), pertaining to the authority of a trustee or substitute trustee, requires that the name and street address for the trustee or substitute trustee "shall be disclosed on the notice required by Section 51.002(b)." *Id.* § 51.0075(e). This addition does not conflict with the Deed's express notice requirements; rather, it merely supplements the list of items required for foreclosure notice that the Deed requires by incorporating section 51.002 and does not impair the Deed holder's right to foreclose. *See Mellinger*, 68 Tex. at 45, 3 S.W. at 253; *see also Fix*, 242 S.W.3d at 147; *Deacon*, 405 S.W.2d at 61. Thus, because it does not conflict with the Deed or impair vested rights—that is, the bank's right to foreclose did not vest until JRP defaulted in 2008—we hold that the 2005 amendment applies to notice sent under the Deed. *Deacon*, 405 S.W.2d at 61; *see also Praeger v. Wilson*, 721

a change in subsection (c) of section 51.0075 that mirrored this provision in the Deed. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1231, § 1, 2005 Tex. Gen. Laws 3980 (amended 2009) (current version at Tex. Prop. Code Ann. § 51.0075(c) (West 2011)) (allowing a mortgagee to appoint a substitute trustee to succeed to all title, powers, and duties of the original trustee by written instrument).

S.W.2d 597, 601 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e) (refusing to read a qualifying restriction into a contract clause's plain language when doing so would alter the ordinary meaning of the contract clause). We sustain G4's first issue. And because strict compliance with the notice requirements in a deed of trust is necessary for a trustee to invoke the power of sale in a foreclosure, and as set out above, the Notice did not strictly comply, we sustain G4's second issue as well. *See Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982) ("Texas courts have consistently held that the terms set out in a deed of trust must be strictly followed."); *Myrad Props., Inc., v. LaSalle Bank Nat'l Ass'n*, 252 S.W.3d 605, 615 (Tex. App—Austin 2008) ("Because a trustee's power to sell the property is derived from the deed of trust and statute, strict compliance with these requirements is considered a prerequisite to the trustee's right to make the sale."), *rev'd on other grounds*, 300 S.W.3d 746 (Tex. 2009); *see also Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983) ("Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale."); *cf. Powell v. Stacy*, 117 S.W.3d 70, 75 (Tex. App.—Fort Worth 2003, no pet.) (stating that notice was valid when defect did not affect notice requirements); *Sanders v. Shelton*, 970 S.W.2d 721, 725–26 (Tex. App.—Austin 1998, pet. denied) (reasoning that the words used in the notice need not mimic the statutory

8

language to comply with the statute as long as the information required by the statute was actually conveyed).[4]

## IV. Conclusion

Having sustained both of G4's issues, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

BOB MCCOY
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED: August 31, 2011

---

[4]CGI contends that the August 12 notice complied with Texas law, whether section 51.0075(e) applied or not, because JRP's president knew Bradford's address and because Bradford's cover letter "contains the required information." However, as discussed above, section 51.0075(e) requires disclosure of a "street address" for the trustee or substitute trustee in the notice.  See Tex. Prop. Code Ann. § 51.0075(e).  Neither the notice nor the cover letter contained Bradford's street address.  While we are not blind to the equities of this dispute—as the note-holder, CGI was entitled to be made whole—we are constrained to hold that the sale is void because strict compliance is required to invoke power of sale under a deed of trust.